**Slip Op. 09-31**

**UNITED STATES COURT OF INTERNATIONAL TRADE**

| | |
|---|---|
| VOLKSWAGEN OF AMERICA, INC., | Before:  Richard W. Goldberg, |
| Plaintiff, | Senior Judge |
| v. | Court No.  96-00132 |
| UNITED STATES, | |
| Defendant. | |

**OPINION**

[Judgment for Defendant.]

Dated: April 15, 2009

Law Offices of Thomas J. Kovarcik (Thomas J. Kovarcik), for Plaintiff Volkswagen of America, Inc.

Michael F. Hertz, Acting Assistant Attorney General; Barbara S. Williams, Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, U.S. Department of Justice.

**GOLDBERG, Senior Judge**:  This matter is before the Court following the Federal Circuit's remand in Volkswagen of America, Inc. v. United States, 540 F.3d 1324 (Fed. Cir. 2008).  The narrow issue left before the court is whether repairs made pursuant to federal emissions recalls establish that these defects existed at the time of importation, and in turn, entitle Volkswagen of America, Inc. ("Volkswagen") to an allowance for

the value of these repairs.  For the foregoing reasons, we find

that Volkswagen is entitled to an allowance for the value of its

repairs made in response to federal emissions recalls.

## I.  DISCUSSION

Our decision in Volkswagen of America, Inc. v. United

States addressed the company's entitlement to reductions in the

appraised values of its imported merchandise for repairs made to

latent defects under 19 C.F.R. § 158.12, which permits an

allowance for damage existing at the time of importation.  31

CIT __, 484 F. Supp. 2d 1314 (2007).  In this case, we held that

Volkswagen's evidence was insufficient to establish that its

various repair claims related to defects existing at the time of

importation.  Id. at 1321-22.  The Federal Circuit affirmed

this decision in-part, and reversed-in-part—finding that

Volkswagen was entitled to an allowance for warranty repairs

made in response to government-mandated safety recalls.  In the

Federal Circuit's view, the "very nature of a government

mandated safety recall establish[ed] the high likelihood that

any defects repaired pursuant to the recall existed at the time

of importation."  Volkswagen, 540 F.3d at 1336.  The Federal

Circuit further ordered this Court to examine whether "state law

recalls and the FTC recall exhibit [this] same reliability." [1]

Id.  For the foregoing reasons, we find that Volkswagen is

entitled to an allowance because the nature of the federal

emissions recalls similarly establishes a high likelihood that

the defects existed at the time of importation.

In Volkswagen, the Federal Circuit based its conclusion

that the applicable defects existed at the time of importation

on the fact that federal law prohibits the importation of

automobiles not in compliance with federal safety standards.

540 F.3d at 1335-36.  Federal law similarly prohibits "the

importation into the United States, of any new motor vehicle or

new motor vehicle engine . . . unless such vehicle or engine is

covered by a certificate of conformity [with federal emissions

laws]."  42 U.S.C. § 7522(a)(1) (2000).  Further, the similarity

of federal safety and emissions-based recalls is demonstrated by

the fact that the reporting provisions for emissions-based

recalls grafts on to the reporting system utilized for safety-

recalls - requiring a manufacturer to file a report "in

---

[1] Volkswagen concedes that the only recalls that need to be
analyzed on remand are federal emissions recalls for two
reasons.  First, Volkswagen's FTC "claim" does not reflect a
"recall", but rather a "claim" for a warranty repair outside the
scope of the Federal Circuit's holding.  Second, only California
had the right to regulate its automobile emissions at the time
of these entries, and thus, "state recalls" or "state law
emissions recalls" could refer only to California emissions
recalls, and Volkswagen made no allowance claims pursuant to
emissions recalls issued by California.

accordance with procedures established by the manufacturer to identify safety related defects that a specific emissions-related defect exists." 40 C.F.R. § 85.1903. The required content of the reports are also very similar. Compare 40 C.F.R. § 85.1903, with 49 C.F.R. § 573.6.

United States Customs and Border Protection ("Customs"), maintains that repairs made pursuant to a federal emissions recall do not establish that the defects existed at importation. To support its argument, Customs relies on an EPA report on emissions-based recalls and voluntary service repairs. Compliance & Innovative Strategies Div., Office of Transp. & Air Quality, EPA, Annual Summary of Emissions-Related Recall and Voluntary Service Campaigns Performed on Light-Duty Vehicles and Light-Duty Trucks (2008), http://www.epa.gov/otaq/cert/recall/ 420b08012.pdf. Customs cites a 2007 service action for the New Beetle, GTI, Golf, and Jetta models (EPA # 2814, Manufacturer Recall 2007/04/10), which states that "[a]n incorrect interpretation of information in the electronic parts catalogue directed dealership technicians to install the wrong catalyst on these particular vehicles." Id. at 8. In Customs' view, the fact that Volkswagen had to initiate a service action to fix mistakes made by its dealers demonstrates that not all repairs due to federal emissions-based recalls relate to defects existing at the time of importation. This example, however, is

misplaced as the service action Customs is citing is not an emissions-based recall, but instead a voluntary service action to fix a repair, which has no bearing on the emissions-based recalls at issue in this case.  Accordingly, this Court finds that there is a similarly high likelihood that any repairs due to federal emissions recalls relate to defects existing at importation, and in turn, that Volkswagen is entitled to its claimed allowance.

## II.  <u>CONCLUSION</u>

In light of the foregoing, this Court grants final judgment to Volkswagen in favor of its claims for an allowance for repairs made pursuant to federal emissions-based recalls.

<u>/s/ Richard W. Goldberg</u>
**Richard W. Goldberg**
**Senior Judge**

**Date: April 15, 2009**
      **New York, New York**

## ERRATA

On Slip Op. 09-31:

**On Page 1:**  in the caption, "[Judgment for Defendant.]" should be replaced with "[Judgment for Plaintiff.]"


**Dated:  April 16, 2009**